Mark C. Gabel (CA State Bar No. 253729)
Email: markg@gabel-law-firm.com
GABEL LAW FIRM, P.C.
1 Embarcadero Center, Suite 500
San Francisco, California  94111
Telephone:    (628) 231-2211
Facsimile:     (415) 276-3139

Attorneys for PLAINTIFF BROOKE SCHÄRLI

# IN THE UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO / OAKLAND DIVISION

| | |
|---|---|
| BROOKE SCHÄRLI, an individual,<br><br>Plaintiff,<br><br>v.<br><br>JACKSON & HERTOGS LLP, a limited liability partnership; ILANA DRUMMOND, an individual, and Does 1 through 10, inclusive,<br><br>Defendants. | **COMPLAINT FOR DAMAGES**<br><br>(1) Denial of Employment, Retention of Employment, Benefits of Employment (USERRA), 38 U.S.C. § 4311(a);<br>(2) Discrimination and Retaliation (USERRA), 38 U.S.C. § 4311(b);<br>(3) Discrimination, California Military and Veterans Code § 394(a);<br>(4) Unlawful Discharge from Employment (USERRA), 38 U.S.C. § 4316(c);<br>(5) Unlawful Discharge from Employment, California Military and Veterans Code § 394(d);<br>(6) Wrongful Termination in Violation of Public Policy.<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Brooke Schärli complains and alleges as follows, on personal knowledge as to herself and as to acts and interactions that she personally witnessed, and upon information and belief as to all other matters:

1

Complaint— Schärli v. Jackson & Hertogs LLP
U.S. District Court, Northern District of California

## JURISDICTION

1.  This Court has original jurisdiction of this action according to the terms of the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA), which specifically states, at 38 U.S.C. § 4323(b)(3), that federal district courts have jurisdiction over suits under USERRA against private employers.

2.  This Court also has original jurisdiction of this action based on federal question grounds under 28 U.S.C. § 1331, because USERRA is a "law[] of the United States" according to that statute.

3.  This Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over the California state law claims in this action, which, as discussed in detail below, are based on the same actions and events as the federal law claims, and are therefore so related to the claims giving rise to the Court's original jurisdiction that they form part of the same case and controversy.

4.  USERRA does not require plaintiffs to exhaust any administrative remedies or requirements before filing a USERRA lawsuit against a private employer.  38 U.S.C. § 4323(a)(3).

## VENUE

5.  Venue is proper in this District pursuant to USERRA's venue provision, 38 U.S.C. § 4323(c)(2), because Defendant Jackson & Hertogs LLP, a private employer and formerly Plaintiff's employer, maintains a place of business in this District.

6.  Venue is also proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and (c)(1)-(2), because, on information and belief, Defendant Illana Drummond resides in this judicial district, and Defendant Jackson and Hertogs LLP is also a resident of this district for venue purposes, because it maintains its headquarters and principal place of business in San Francisco, California, in this district, and is therefore subject to personal jurisdiction in this district.

7.  Venue is also proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because Defendant Jackson and Hertogs LLP employed Plaintiff at its San Francisco, California offices, and therefore a substantial part of the events which give rise to claims presented in this Complaint, including the termination of Plaintiff's employment, occurred in San Francisco, California.

Complaint— Schärli v. Jackson & Hertogs LLP
U.S. District Court, Northern District of California

**INTRADISTRICT ASSIGNMENT**

8.      Pursuant to N.D. Cal. Local Rule 3-2(c) and (d), intradistrict assignment of this case to the San Francisco/Oakland Division is proper because Defendant Jackson and Hertogs LLP employed Plaintiff at its San Francisco, California offices, and therefore a substantial part of the events which give rise to claims presented in this Complaint, including the termination of Plaintiff's employment, occurred in San Francisco, California.

**PARTIES**

9.      Plaintiff:  Plaintiff Brooke Schärli (née Guttierez) is a natural person.  During the period of time at issue in this lawsuit, she was employed by Defendants in Jackson and Hertogs' San Francisco, California offices as an Immigration Specialist.

10.      Defendants:  Defendant Jackson & Hertogs LLP is, and has been for the entire period of time at issue in this lawsuit, a California limited liability partnership, with its primary place of business in San Francisco, California.  Defendant Ilana Drummond is a natural person. Drummond is, and was at the time of the events giving rise to this lawsuit, the managing partner of Jackson and Hertogs, and therefore its officer and agent.  She works in Jackson and Hertogs' San Francisco, California offices.

11.      The true names and capacities of the Defendants named in this Complaint as DOES 1-10, inclusive, whether individual, corporate, partnerships, associates, or otherwise, are unknown to Plaintiff at this time, as details regarding the offending parties, including their roles and their relationships to each other, are still emerging.  Plaintiff therefore brings these claims against those DOE Defendants by fictitious names.  Plaintiff will amend this Complaint to state the true names and capacities of DOES 1-10, inclusive, after Plaintiff has learned them.

12.      Plaintiff is informed and believes, and on that basis alleges, that each of the Defendants are responsible in some manner for the wrongful acts alleged in this Complaint, and proximately caused her damages by virtue of those wrongful acts.  Plaintiff is further informed and believes that each of the Defendants was, at all times mentioned in this Complaint, the agent, employee, partner, and/or representative of one or more of the remaining Defendants, and was

Complaint— Schärli v. Jackson & Hertogs LLP
U.S. District Court, Northern District of California

acting within the course and scope of that relationship when engaging in the wrongful acts alleged in this Complaint.  Plaintiff is further informed and believes that each of the Defendants gave consent to, ratified, and/or authorized the wrongful acts alleged in this Complaint of each of the other Defendants.

## FACTUAL BACKGROUND

13.    Plaintiff Brooke Schärli (née Guttierez) worked for Defendant Jackson and Hertogs LLP as an Immigration Specialist until the firm abruptly fired her in September 2016.

14.    The firm's management knew that she planned to enlist in the Marine Corps Reserves.  But once they learned what her military commitments would actually be, their attitude towards her turned sour, and they made their frustration with those commitments clear.

15.    After Brooke enlisted, the Uniformed Services Employment and Reemployment Rights Act (USERRA) required Defendants to grant her military leave for her basic and follow-up training, and to allow her to return to work after that leave.

16.    Instead, less than a month before her scheduled leave, the firm's HR manager specifically asked Brooke to waive her leave and reinstatement rights and *resign from the firm before she left for training*.

17.    When Brooke refused to quit her job just because she had enlisted, Jackson and Hertogs immediately disciplined her.  It stopped just short of firing her on the spot, but its HR manager, in an attempt to create a paper trail to use against her later, gave Brooke a final written warning five days before she shipped out for training, threatening her with eventual termination.

18.    After she returned from her military leave, USERRA provided that she was no longer an at-will employee: for the year following the leave, the firm could only terminate her with cause.

19.    But Defendants ignored that requirement. Within weeks after she came back from military leave in 2016, the firm retaliated against her for taking leave by firing her, without warning, with very little explanation, and without just cause.

Complaint— Schärli v. Jackson & Hertogs LLP
U.S. District Court, Northern District of California

**After Brooke began her military service, Jackson and Hertogs singled her out for criticism and complained of difficulty in accommodating her service obligations.**

20.    In January 2015, Brooke Gutierrez[1] began working at Jackson and Hertogs ("J&H") as an immigration specialist.

21.    J&H knew in advance that Brooke was about to enlist in the Marine Corps Reserves, and its lawyer partners knew that the firm had a legal duty under federal and state anti-discrimination law, to accommodate her military service.

22.    Brooke did in fact enlist in the Marine Corps Reserves after she started working at J&H, in February 2015.

23.    During her first months at the firm, Brooke worked extensively during her free time to prepare for her initial full-time military training, which was scheduled for later that year.  Her preparation activities included intensive physical fitness training to make her ready for boot camp, and meetings with military recruitment and training personnel for various reasons.

24.    Before long, the small and occasional schedule changes Brooke asked for in order to accommodate her military service-related preparations began to grate on J&H's Managing Partner, Illana Drummond, and Human Resources Manager, Lisa Gelardi.

25.    By March, they were already complaining to her about those preparations.

26.    For example, one day in March 2015 Brooke took the morning off to meet with her sergeant.  When she mentioned this to Drummond and offered to make up the time later that week, Drummond became agitated.  She told Brooke to "*advise your Sergeant that these demands of your time are impacting the performance of your job*" and said that Brooke needed to "put in the hours consistently."  When Brooke responded that she would do so, Drummond added that, "It is important for you to be here during business hours," and that Brooke's work could not wait "*due to your commitments to the Marines.*"

27.    Drummond also admonished Brooke for "choosing to take care of personal business during office hours" when, in May 2015, she informed Drummond that she would be

[1] At all times relevant to this Complaint, Plaintiff's name was Brooke Gutierrez.  She later married and changed her last name to Schärli.  For sake of simplicity, she is referred to as "Brooke" herein.

5

Complaint— Schärli v. Jackson & Hertogs LLP
U.S. District Court, Northern District of California

taking time off one morning to meet an investigator for a government background check. The Marines required her to submit to that check because her anticipated job in the military required security clearance.

28. Although the investigation interview was not scheduled to take place at J&H's office, Drummond added that "[i]t is not appropriate for you to have arranged a personal meeting at our office," and told her that if there didn't happen to be extra work for her at the end of the week, she could not make up the time she would miss during the interview, and her pay could be docked.

29. There were other times over the following several months in which Brooke's military training, or occasionally medical issues that were related or unrelated to the training, caused Brooke to make small changes to her schedule.

30. Gelardi criticized her for being "consistently" late during that time—even though other employees frequently arrived late with no apparent consequences. In doing so, Gelardi lumped all of these instances together, making no distinction between military- or medical-related issues and other issues (such as transit delays).

**Jackson & Hertogs first refused to honor Brooke's request for military leave, and then disciplined her for taking that leave.**

31. Brooke's initial full-time military training, which included "basic training" (boot camp) and follow-up military courses, was scheduled for fall of 2015 through early 2016. Brooke notified J&H about the training, gave them copies of her military orders, and sought military leave for the time that her training would take.

32. But instead of granting that leave as USERRA required, Gelardi surprised Brooke in early September 2015 by telling her to waive her USERRA rights and resign from J&H before leaving for the Marines.

33. Brooke knew it was unlawful for the firm to deny her USERRA leave. But more to the point, she could not afford to be without the job when she came back. She had always

Complaint— Schärli v. Jackson & Hertogs LLP
U.S. District Court, Northern District of California

intended her income from the reserves to supplement the income from her job, not replace it, and she wouldn't qualify for unemployment if she resigned from J&H.

34.     She therefore refused to resign.

35.     Brooke's last work day at J&H before her training was October 9, 2015.  The day before that, October 8, 2015, Gelardi, unhappy that she had refused to resign, gave her a final written warning.

36.     In the warning, Gelardi unfairly criticized her attendance, classifying Brooke's unavoidable illnesses and military-related obligations as if they were her fault.  She also directly threatened to fire Brooke, and did so in retaliation for her taking leave and refusing to waive her USERRA rights.

37.     Brooke did not even have time to fully digest this warning before she left for training, much less time to respond to it.

**Brooke returned to work at J&H after her initial military training, only to be singled out for criticism and then fired without cause.**

38.     As much as she could, Brooke stayed in contact with J&H about her training status and when she expected to finish the training.  Via email during her leave, she agreed with the firm that she would come back to work in August 2016.

39.     Although J&H had ample notice of her return date, her firm group health insurance had not yet been reinstated on her scheduled restart date.

40.     Immediately after she started back at work in August, Gelardi began looking for reasons to criticize her work.

41.     The firm moved Brooke's work station to a spot within line of sight of Gelardi's office so that Gelardi could monitor her, and Gelardi began scrutinizing her comings and goings.

42.     On one occasion in August 2016, Brooke asked Gelardi to correct her time records after the firm's electronic timekeeping system failed to log her out for a meal break.  In response, Gelardi falsely accused her of having taken a longer lunch than she was supposed to.

43.    During the first month after she came back, Brooke had routine doctor's appointments to treat injuries she'd sustained during military training.

44.    Gelardi questioned her scheduling of those appointments and watched closely to see when she came in afterwards, hoping to catch her doing something for which to criticize her.

45.    As part of her reserve service, Brooke took one Friday off in September 2016 for scheduled weekend training with the Marines.  Gelardi teased her about the training, asking her whether she felt "whole" as a Marine.

46.    At one point, Gelardi told her, "*Regardless of the military, this is a business.*"

47.    The firm also assigned Brooke a much heavier workload after she returned from her training, either in retaliation for her leave, or in order to make her work more unpleasant and induce her to quit.  That workload was heavier than other immigration specialists at the firm received at or around the same time.

48.    She continued to complete the assigned work, but J&H's discriminatory and retaliatory treatment caused unneeded stress, contributing to her decision to seek therapy.

49.    In mid-September 2016, less than six weeks after Brooke had returned to work, J&H fired her, without a detailed explanation of the reasons, and without just cause.

50.    No one at J&H had given her any warnings, or indicated to her that she had done anything for which she might be fired, since her return from military leave.

51.    Since leaving J&H, Brooke has struggled to get back on her feet financially.  Being terminated by J&H resulted in a period of unemployment.  After her bad experiences at J&H, she has focused her long-term goals on other kinds of jobs in hopes of a more receptive environment. But starting over in a new career takes time, and she has had to start from ground zero in those new positions. Having been fired from J&H has, of course, complicated her job search.

## FIRST CLAIM FOR RELIEF

**Denial of Employment, Retention of Employment, Benefits of Employment (USERRA) –**

**38 U.S.C. § 4311(a)**

*(Against Defendants Jackson & Hertogs LLP, Ilana Drummond, and DOES 1-10)*

8

Complaint— Schärli v. Jackson & Hertogs LLP
U.S. District Court, Northern District of California

52.     Plaintiff repeats and re-alleges the allegations set forth in Paragraphs 1 through 51 above and incorporates those Paragraphs by reference into this claim, and further alleges as follows.

53.     At all times relevant to this Complaint and this Claim for Relief, the Uniformed Services Employment and Reemployment Rights Act (USERRA), 38 U.S.C. §§ 4301-4335, was in full force and effect and fully binding on Defendants.

54.     At all relevant times, Defendant Jackson & Hertogs LLP was an entity that paid salary or wages for work performed and had control over employment opportunities for Plaintiff, and was therefore an "employer" within the meaning of 38 U.S.C. § 4303(4).

55.     At all relevant times, Defendant Ilana Drummond, as the managing partner of Jackson and Hertogs, was a person who had control over employment opportunities for Plaintiff and a person to whom Jackson and Hertogs had delegated the performance of employment-related responsibilities, and was therefore an employer under USERRA within the meaning of 38 U.S.C. § 4303(4).

56.     At all relevant times, Plaintiff was employed by Jackson and Hertogs, and was therefore its employee under USERRA within the meaning of 38 U.S.C. § 4303(3).

57.     USERRA, in 38 U.S.C. § 4311(a), prohibits any employer from denying "initial employment, reemployment, retention in employment…or any benefit of employment by an employer on the basis of a person's membership, application for membership, performance of service…or obligation" to perform service in a uniformed service.

58.     Under 38 U.S.C. § 4311(c), an employer violates subsection (a) if the employee's military service is motivating factor in the employer's action, unless the employer can prove that it would have taken the same action in the absence of that service.

59.     The United States Marine Corps Reserve is part of the U.S. Armed Forces, and therefore is a uniformed service under USERRA within the meaning of 38 U.S.C. § 4303(16).

60.     During her employment with Jackson and Hertogs, Brooke enlisted in, became a member of, and then remained throughout the rest of her employment a member of, the United

9

States Marine Corps Forces Reserve.  During her membership in the Marine Corps Reserve, she was therefore a member of the uniformed services, and was protected by USERRA's prohibitions on discrimination, retaliation, and wrongful discharge on account of military service.

61.     Defendants were, at all relevant times, aware of Brooke's membership in a uniform service, of her legal obligations to perform military service as a result of that membership, and of their own obligations under USERRA.

62.     By, among other things, treating Brooke differently from other employees who did not serve in the military with respect to attendance issues, initially refusing her military leave and instead threatening to terminate her, assigning her disproportionate work after her return from leave, and eventually terminating her without cause, Defendants denied her employment, retention in employment, and benefits of employment in violation of 38 U.S.C. § 4311(a).  In doing so, Defendants discriminated against her on the basis of her military service in violation of 38 U.S.C. § 4311(a).

63.     Brooke's membership in, performance in, and obligations to perform in, the uniformed services, including her use of military leave, were motivating factors in Defendants' denial of her employment, retention in employment, and benefits of employment as described above.  Defendants' negative comments about her military service, their threat to terminate her after she refused to resign before she began that service, and her termination from employment shortly after she returned from that service, among other things, demonstrate that Defendants were motivated in their treatment of her by hostility towards her military service.

64.     As a direct, foreseeable, and proximate result of Defendants' unlawful actions, Plaintiff has suffered substantial losses in earnings and other employment benefits as described above, and has incurred other economic losses.

65.     As a further direct, foreseeable, and proximate result of Defendants' unlawful actions described above, Brooke has suffered, and continues to suffer, emotional distress, humiliation, shame, and embarrassment, all to her damage, in an amount to be proven at the time of trial.

Complaint— Schärli v. Jackson & Hertogs LLP
U.S. District Court, Northern District of California

66. In 38 U.S.C. §§ 4323(d)(1)(B), (C), USERRA provides that employers are liable for double the amounts of any lost wages and benefits as liquidated damages if they willfully fail to comply with USERRA.

67. Willfulness, for this purpose, includes an employer's failing to use reasonable, good faith efforts to determine that the employer's actions complied with the statute, and/or acting with knowledge of, or with "reckless disregard of, or deliberate indifference to," their statutory obligations. *Fryer v. A.S.A.P. Fire & Safety Corp., Inc.*, 658 F.3d 85, 91-92 (1st Cir. 2011).

68. Defendants knew about and recklessly disregarded or were deliberately indifferent to their obligations to Brooke under USERRRA. Brooke told Gelardi verbally about those obligations and provided written documentation from the Marine Corps discussing her entitlement to leave and reinstatement.

69. Even so, Drummond stated that the firm was having difficulty accommodating Brooke's "commitments to the Marines," and Gelardi stated, "Regardless of the military, this is a business." In spite of knowing about Brooke's military leave and reinstatement rights, Defendants told Brooke to resign, threatened her with termination when she refused, and ultimately terminated her without cause and without warning after her leave, all in violation of USERRA. *See Fryer*, 658 F.3d at 92 (holding that employer's conduct was willful based on comments that plaintiff had "left [employer] in a lurch" when he deployed and that the company "had suffered [because of] it," as well as employer's angry responses to plaintiff's attempts to assert USERRA rights) (citation omitted; alterations in original).

## SECOND CLAIM FOR RELIEF

### Discrimination and Retaliation (USERRA) – 38 U.S.C. § 4311(b)

*(Against Defendants Jackson & Hertogs LLP, Ilana Drummond, and DOES 1-10)*

70. Plaintiff repeats and re-alleges the allegations set forth in Paragraphs 1 through 51 above and incorporates those Paragraphs by reference into this claim, and further alleges as follows.

11

71.     At all times relevant to this Complaint and this Claim for Relief, the Uniformed Services Employment and Reemployment Rights Act (USERRA), 38 U.S.C. §§ 4301-4335, was in full force and effect and fully binding on Defendants.

72.     At all relevant times, Defendant Jackson & Hertogs LLP was an entity that paid salary or wages for work performed and had control over employment opportunities for Plaintiff, and was therefore an "employer" within the meaning of 38 U.S.C. § 4303(4).

73.     At all relevant times, Defendant Ilana Drummond, as the managing partner of Jackson and Hertogs, was a person who had control over employment opportunities for Plaintiff and a person to whom Jackson and Hertogs had delegated the performance of employment-related responsibilities, and was therefore an employer under USERRA within the meaning of 38 U.S.C. § 4303(4).

74.     At all relevant times, Plaintiff was employed by Jackson and Hertogs, and was therefore its employee under USERRA within the meaning of 38 U.S.C. § 4303(3).

75.     USERRA, in 38 U.S.C. § 4311(b), prohibits any employer from discriminating in employment or taking any adverse employment action against any person for exercising any right provided for by USERAA, including the right to take military leave and the right to return from work after military leave.  38 U.S.C. § 4311(b) serves "to prohibit adverse employment actions taken in retaliation for the exercise of the rights provided by USERRA." *Wallace v. City of San Diego*, 479 F.3d 616, 625, fn. 1 (9th Cir. 2007).

76.     Under 38 U.S.C. § 4311(c), an employer violates subsection (b) if the employee's "exercise of a right provided for [by USERRA] is a motivating factor in the employer's [discriminatory or retaliatory adverse employment] action." *Id*.

77.     A finder of fact may infer a discriminatory motivation under 38 U.S.C. § 4311(c) from a variety of factors, including proximity in time between the military activity and the adverse action, inconsistencies between the proffered reason for termination and the employer's other actions, the employer's expressed hostility towards military service together with knowledge of

12

Complaint— Schärli v. Jackson & Hertogs LLP
U.S. District Court, Northern District of California

the employee's military activity, and disparate treatment of military service members as compared to other employees. *See Leisek v. Brightwood Corp.*, 278 F.3d 895, 900 (9th Cir. 2002).

78. As discussed above, Brooke's service in the Marine Corps Forces Reserve caused her to be protected by USERRA's prohibitions on discrimination, retaliation, and wrongful discharge on account of military service, and Defendants were aware of her military service and their resulting legal obligations under USERRA.

79. While employed at Jackson & Hertogs, Brooke exercised her rights under USERRA by taking job-protected leave for military service, notifying Defendants that she would be doing so, and after the leave claiming her rights to be reinstated to her employment at Jackson and Hertogs after that service under 38 U.S.C. §§ 4312-13.

80. By, among other things, requesting that she resign before her leave, threatening before the leave to terminate her after it ended, assigning her disproportionate work and targeting her for unwarranted criticism and scrutiny, questioning her time off for medical appointments to treat injuries sustained in the course of her military duties, and eventually terminating her without cause after her return from leave, Defendants displayed their animus towards her military status and discriminated against her in violation of 38 U.S.C. § 4311(b). By terminating her employment, Defendants took adverse employment action against her in violation of 38 U.S.C. § 4311(b).

81. Brooke's membership in, performance in, and obligations to perform in, the uniformed services, including her use of military leave, were motivating factors in Defendants' discrimination and retaliation towards her as described above. Defendants' negative comments about her military service, their threat to terminate her after she refused to resign before she began that service, and her termination from employment shortly after she returned from that service, among other things, demonstrate that Defendants were motivated in their treatment of her by hostility towards her military service.

Complaint— Schärli v. Jackson & Hertogs LLP
U.S. District Court, Northern District of California

82. As a direct, foreseeable, and proximate result of Defendants' unlawful actions, Plaintiff has suffered substantial losses in earnings and other employment benefits as described above, and has incurred other economic losses.

83. As a further direct, foreseeable, and proximate result of Defendants' unlawful actions described above, Brooke has suffered, and continues to suffer, emotional distress, humiliation, shame, and embarrassment, all to her damage, in an amount to be proven at the time of trial.

84. In 38 U.S.C. §§ 4323(d)(1)(B), (C), USERRA provides that employers are liable for double the amounts of any lost wages and benefits as liquidated damages if they willfully fail to comply with USERRA.

85. Willfulness, for this purpose, includes an employer's failing to use reasonable, good faith efforts to determine that the employer's actions complied with the statute, and/or acting with knowledge of, or with reckless disregard of or deliberate indifference to, their statutory obligations.

86. Defendants knew about and recklessly disregarded or were deliberately indifferent to their obligations to Brooke under USERRRA. Brooke told Gelardi verbally about those obligations and provided written documentation from the Marine Corps discussing her entitlement to leave and reinstatement.

87. Even so, Drummond stated that the firm was having difficulty accommodating Brooke's "commitments to the Marines," and Gelardi stated, "Regardless of the military, this is a business." In spite of knowing about Brooke's military leave and reinstatement rights, Defendants told Brooke to resign, threatened her with termination when she refused, and ultimately terminated her without cause and without warning after her leave, all in violation of USERRA.

### THIRD CLAIM FOR RELIEF

**Discrimination – California Military and Veterans Code § 394(a)**

*(Against Defendants Jackson & Hertogs LLP, Ilana Drummond, and DOES 1-10)*

Complaint— Schärli v. Jackson & Hertogs LLP
U.S. District Court, Northern District of California

88.     Plaintiff repeats and re-alleges the allegations set forth in Paragraphs 1 through 51 above and incorporates those Paragraphs by reference into this claim, and further alleges as follows.

89.     USERRA does *not* preempt state or local laws that establish additional or more beneficial employment rights for military service members beyond those provided by USERRA itself.  On the contrary, 38 U.S.C. § 4302(a), provides that USERRA does *not* supersede, nullify, or diminish any federal, state, or local law that establishes those rights.  USERRA does, however, in 38 U.S.C. § 4302(b), preempt any state or local law the attempts to reduce or limit any rights that USERRA provides.  California's state law protections for the employment of military service members therefore apply to the parties and events in this case according to their own terms to the extent that they grant Brooke additional or more beneficial rights and do not limit her USERRA rights.

90.     At all times relevant to this Complaint and this Claim for Relief, Military & Veterans Code § 394(a) was in full force and effect and fully binding on Defendants.  Defendant Jackson and Hertogs is a "company or firm" as that term is used in Military & Veterans Code § 394(a).

91.     California Military & Veterans Code § 394(a) generally prohibits discrimination (not limited to employment discrimination) against any member of the military or naval forces of the United states by any "person."

92.     Military & Veterans Code § 394(a) further specifically prohibits employment discrimination against military service members.  It makes unlawful any prejudice or injury in the terms, conditions or privileges of employment by any "person," "employer," "officer," or "agent" of a corporation, company or firm, and prohibits those groups of people from denying or disqualifying a member of the military from employment because of the member's military service.

93.     At all relevant times, Defendant Jackson and Hertogs was Brooke's employer.

Complaint— Schärli v. Jackson & Hertogs LLP
U.S. District Court, Northern District of California

94. At all relevant times, Defendant Ilana Drummond, as the managing partner of Jackson and Hertogs, was an officer and agent of Jackson & Hertogs, and Lisa Gelardi, as Jackson and Hertogs' human resources manager, was also its agent with respect to the firm's employment relationship with Brooke.

95. During her employment with Jackson and Hertogs, Brooke enlisted in, became a member of, and then remained throughout the rest of her employment a member of, the United States Marine Corps Reserve. Therefore, she was a member of the military and/or served in the military of the United States, specifically, the United States Marine Corps Reserve, and during that membership was protected by Military & Veterans Code § 394(a)'s prohibitions on discrimination, prejudice, injury, and denial or disqualification from employment on the grounds of military service.

96. Defendants were, at all relevant times, aware of Brooke's membership in the military, of her legal obligations to perform military service as a result of that membership, and of their own obligations under USERRA.

97. By, among other things, treating Brooke differently from other employees who did not serve in the military with respect to attendance issues, initially refusing her military leave and instead threatening to terminate her, assigning her disproportionate work after her return from leave, and eventually terminating her without cause shortly after she returned from and because of that leave, Defendants prejudiced and injured her in the terms, conditions, and privileges of her employment with Jackson and Hertogs in violation of Military & Veterans Code § 394(a).

98. By, among other things, initially refusing her military leave and instead threatening to terminate her, and by later actually terminating her without cause shortly after she returned from and because of that leave, Defendants denied and disqualified Brooke from employment because of her military service in violation of Military & Veterans Code § 394(a).

99. Defendants' negative comments about her military service, their threat to terminate her after she refused to resign before she began that service, and her termination from employment shortly after she returned from that service, among other things, demonstrate that Defendants

16

Complaint— Schärli v. Jackson & Hertogs LLP
U.S. District Court, Northern District of California

discriminated against her, and ultimately terminated her, out of hostility towards her military service.

100.    As a direct, foreseeable, and proximate result of Defendants' unlawful actions, Plaintiff has suffered substantial losses in earnings and other employment benefits as described above, and has incurred other economic losses.

101.    As a further direct, foreseeable, and proximate result of Defendants' unlawful actions described above, Brooke has suffered, and continues to suffer, emotional distress, humiliation, shame, and embarrassment, all to her damage, in an amount to be proven at the time of trial.

102.    Defendants committed the wrongful acts described in this Complaint and cause of action despicably, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights.

103.    Defendants willfully ignored her rights under the Military and Veteran's Code, first explicitly urging her to waive those rights, and then expressly threatening to, and actually, terminating her without cause when she refused, even though they knew it was unlawful to do so. They further damaged her career through unwarranted criticism, written warnings, and disparate treatment before terminating her.

104.    Plaintiff is therefore entitled to recover punitive damages from Defendants in an amount according to proof.

## FOURTH CLAIM FOR RELIEF

### Unlawful Discharge from Employment (USERRA) – 38 U.S.C. § 4316(c)

*(Against Defendants Jackson & Hertogs LLP, Ilana Drummond, and DOES 1-10)*

105.    Plaintiff repeats and re-alleges the allegations set forth in Paragraphs 1 through 51 above and incorporates those Paragraphs by reference into this claim, and further alleges as follows.

17

Complaint— Schärli v. Jackson & Hertogs LLP
U.S. District Court, Northern District of California

106.   At all times relevant to this Complaint and this Claim for Relief, the Uniformed Services Employment and Reemployment Rights Act (USERRA), 38 U.S.C. §§ 4301-4335, was in full force and effect and fully binding on Defendants.

107.   At all relevant times, Defendant Jackson & Hertogs LLP was an entity that paid salary or wages for work performed and had control over employment opportunities for Plaintiff, and was therefore an "employer" within the meaning of 38 U.S.C. § 4303(4).

108.   At all relevant times, Defendant Ilana Drummond, as the managing partner of Jackson and Hertogs, was a person who had control over employment opportunities for Plaintiff and a person to whom Jackson and Hertogs had delegated the performance of employment-related responsibilities, and was therefore an employer under USERRA within the meaning of 38 U.S.C. § 4303(4).

109.   At all relevant times, Plaintiff was employed by Jackson and Hertogs, and was therefore its employee under USERRA within the meaning of 38 U.S.C. § 4303(3).

110.   Under USERRA, any person who must be absent from their employment because of service in a uniformed service is entitled to be reemployed (allowed to return to work) after that service (so long as the cumulative length of their military leaves is not longer than five years), if they have given advance written or verbal notice of that service to the person's employer where possible and reasonable to do so, and they report back to or apply for reemployment with the employer after the leave ends.  38 U.S.C. §§ 4312(a)-(b), (e)(1).  However, the employer is not required to reemploy the service member if it would be unreasonable or impossible to do so or if reemployment would cause an undue hardship.   38 U.S.C. §§ 4312(d).

111.   In order to join the Marine Corps Forces Reserve, Brooke was required to take a leave of absence from her employment at Jackson and Hertogs, and was therefore absent from her employment because of her military service.

112.   Brooke notified Defendants Jackson and Hertogs and Illana Drummond of her military service and notified them well in advance that she would need leave for military training. She in fact took that leave, and served full time in various stations and duties for the Marine Corps

18

Forces Reserve, including Marine Combat Training, a Traffic Management Specialist Course, and participation in Command Recruiting, between approximately October 13, 2015, and May 27, 2016, a time period of about 227 days.

113. Brooke notified them of the length of her leave during the leave, and by arrangement with Drummond and Gelardi, reported back to her employment with Jackson and Hertogs on or about August 1, 2016. Jackson and Hertogs reemployed her on or about that date.

114. USERRA, in 38 U.S.C. § 4316(c), provides that a person who is reemployed by an employer under the USERRA must not be discharged from that employment, except for cause, for one year after they are first reemployed if their military service before the reemployment lasted more than 180 days.

115. Under USERRA, an employer discharges and employee "for cause" after reemployment, if it demonstrates that it was reasonable to discharge the employee for the conduct in question and the employee had notice that the conduct for which they were discharged would constitute cause for discharge. 20 C.F.R. § 1002.248(a). (Otherwise, an employer's termination of an employee after employment is not "for cause" unless the employee's job position is eliminated, or the employee is laid off for lack of work for legitimate nondiscriminatory reasons. 20 C.F.R. § 1002.248(b).)

116. Defendants were, at all relevant times, aware of Brooke's membership in a uniform service, of her legal obligations to perform military service as a result of that membership, and of their own obligations under USERRA.

117. When Defendants terminated Brooke's employment, they did so without cause as "cause" is defined under USERRA, in violation of 38 U.S.C. § 4316(c). Defendants did not explain to Brooke the reasons why they were terminating her employment, but she had done nothing during the less than two months since returning to work after her leave for which it would be reasonable to discharge her, and therefore it was not reasonable to discharge her. Furthermore, they gave her no notice after her reemployment that she might be terminated, or that she had done

Complaint— Schärli v. Jackson & Hertogs LLP
U.S. District Court, Northern District of California

anything that might cause Defendants to fire her, so that she could take action to try and prevent that from happening.

118.    As a direct, foreseeable, and proximate result of Defendants' unlawful actions, Plaintiff has suffered substantial losses in earnings and other employment benefits as described above, and has incurred other economic losses.

119.    As a further direct, foreseeable, and proximate result of Defendants' unlawful actions described above, Brooke has suffered, and continues to suffer, emotional distress, humiliation, shame, and embarrassment, all to her damage, in an amount to be proven at the time of trial.

120.    In 38 U.S.C. §§ 4323(d)(1)(B), (C), USERRA provides that employers are liable for double the amounts of any lost wages and benefits as liquidated damages if they willfully fail to comply with USERRA.

121.    Willfulness, for this purpose, includes an employer's failing to use reasonable, good faith efforts to determine that the employer's actions complied with the statute, and/or acting with knowledge of, or with "reckless disregard of, or deliberate indifference to," their statutory obligations. *Fryer v. A.S.A.P. Fire & Safety Corp., Inc.*, 658 F.3d 85, 91-92 (1st Cir. 2011).

122.    Defendants knew about and recklessly disregarded or were deliberately indifferent to their obligations to Brooke under USERRRA.  Brooke told Gelardi verbally about those obligations and provided written documentation from the Marine Corps discussing her entitlement to leave and reinstatement.

123.    Even so, Drummond stated that the firm was having difficulty accommodating Brooke's "commitments to the Marines," and Gelardi stated, "Regardless of the military, this is a business."  In spite of knowing about Brooke's military leave and reinstatement rights, Defendants told Brooke to resign, threatened her with termination when she refused, and ultimately terminated her without cause and without warning after her leave, all in violation of USERRA.  *See Fryer*, 658 F.3d at 92 (holding that employer's conduct was willful based on comments that plaintiff had "left [employer] in a lurch" when he deployed and that the company "had suffered [because of]

Complaint— Schärli v. Jackson & Hertogs LLP
U.S. District Court, Northern District of California

it," as well as employer's angry responses to plaintiff's attempts to assert USERRA rights) (citation omitted; alterations in original).

### FIFTH CLAIM FOR RELIEF

**Unlawful Discharge from Employment – California Military and Veterans Code § 394(d)**

*(Against Defendants Jackson & Hertogs LLP, Ilana Drummond, and DOES 1-10)*

124.    Plaintiff repeats and re-alleges the allegations set forth in Paragraphs 1 through 51 above and incorporates those Paragraphs by reference into this claim, and further alleges as follows.

125.    At all times relevant to this Complaint and this Claim for Relief, Military & Veterans Code § 394(d) was in full force and effect and fully binding on Defendants.  Defendant Jackson and Hertogs is a "company" and/or "firm" as that term is used in Military & Veterans Code § 394(d).

126.    California Military & Veterans Code § 394(a) generally prohibits discrimination (not limited to employment discrimination) against any member of the military or naval forces of the United states by any "person."

127.    California Military & Veterans Code § 394(d) further specifically prohibits employers from firing or terminating an employee because of their military service.  It makes unlawful the discharge of any person from employment by any "employer," "officer," or "agent" of a corporation, company or firm because of the employee's performance of military duty or training, and also makes unlawful any prejudice or harm to any person in the terms, conditions, or privileges of employment because they performed military service.

128.    At all relevant times, Defendant Jackson and Hertogs was Brooke's employer.

129.    At all relevant times, Defendant Ilana Drummond, as the managing partner of Jackson and Hertogs, was an officer and agent of Jackson & Hertogs, and Lisa Gelardi, as Jackson and Hertogs' human resources manager, was also its agent with respect to the firm's employment relationship with Brooke.

---
21

Complaint— Schärli v. Jackson & Hertogs LLP
U.S. District Court, Northern District of California

130.    During her employment with Jackson and Hertogs, Brooke enlisted in, became a member of, and then remained throughout the rest of her employment a member of, the United States Marine Corps Reserve.  She participated, under orders from the Marine Corps, in military training and duty in various stations between approximately October 13, 2015, and May 27, 2016, including Marine Combat Training, a Traffic Management Specialist Course, and participation in Command Recruiting.  Therefore, she was on and after October 13, 2015, a person who performed military duty and training within the meaning of Military & Veterans Code § 394(d).

131.    Defendants were, at all relevant times, aware of Brooke's membership in the military, of her legal obligations to perform military service as a result of that membership, and of their own obligations under USERRA.

132.    By, among other things, initially refusing her military leave and instead threatening to terminate her, and by later actually terminating her without cause shortly after she returned from and because of that leave, Defendants prejudiced and harmed her with respect to the terms, conditions, and privileges of employment because of her military service, and discharged her from employment because of that service, in violation of Military & Veterans Code § 394(d).

133.    Defendants' negative comments about her military service, their threat to terminate her after she refused to resign before she began that service, and her termination from employment shortly after she returned from that service, among other things, demonstrate that Defendants prejudiced and harmed her employment, and terminated her from that employment, because of her performance of military service, duty, and training.

134.    As a direct, foreseeable, and proximate result of Defendants' unlawful actions, Plaintiff has suffered substantial losses in earnings and other employment benefits as described above, and has incurred other economic losses.

135.    As a further direct, foreseeable, and proximate result of Defendants' unlawful actions described above, Brooke has suffered, and continues to suffer, emotional distress, humiliation, shame, and embarrassment, all to her damage, in an amount to be proven at the time of trial.

Complaint— Schärli v. Jackson & Hertogs LLP
U.S. District Court, Northern District of California

136.   Defendants committed the wrongful acts described in this Complaint and cause of action despicably, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights.

137.   Defendants willfully ignored her rights under the Military and Veteran's Code, first explicitly urging her to waive those rights, and then expressly threatening to, and actually, terminating her without cause when she refused, even though they knew it was unlawful to do so. They further damaged her career through unwarranted criticism, written warnings, and disparate treatment before terminating her.

138.   Plaintiff is therefore entitled to recover punitive damages from Defendants in an amount according to proof.

<strong><u>SIXTH CLAIM FOR RELIEF</u></strong>

<strong>Wrongful Termination in Violation of Public Policy</strong>

<em>(Against Defendant Jackson & Hertogs LLP)</em>

139.   Plaintiff repeats and re-alleges the allegations set forth in Paragraphs 1 through 51 above and incorporates those Paragraphs by reference into this claim, and further alleges as follows.

140.   At all times relevant to this Complaint and this Claim for Relief, the Uniformed Services Employment and Reemployment Rights Act (USERRA), 38 U.S.C. §§ 4301-4335, and California Military and Veteran's Code §§ 394(a), (d) were in full force and effect and fully binding on Defendants.

141.   For the reasons stated above in the First through Fifth Claims for Relief, Defendant Jackson and Hertogs LLP was Brooke's employer under USERRA and for purposes of California Military and Veteran's Code §§ 394(a), (d); and Brooke was a member of the uniformed services for USERRA purposes and served in the military and performed military service, duty, and training for purposes of California Military and Veteran's Code § 394(a), (d).

142.    By engaging in the wrongful conduct described in Paragraphs 1 through 128 of this Complaint, which are incorporated by reference into this Claim for Relief, Defendant violated the public policies of the United States as set forth in USERRA and of the State of California, as set forth in Military & Veterans Code § 394(a), (d), which prohibit employers and their officers and agents from:

(a)    Denying employment, reemployment, retention in employment, or any benefit of employment to a person or employee, because of their membership, performance of service, or obligation to perform service in the United States Military, including the Marine Corps Forces Reserve;

(b)    Discriminating in employment or taking any adverse employment action against an employee for exercising their USERRA rights;

(c)    Harming an employee in the terms, conditions or privileges of employment, or denying or disqualifying a member of the military from employment because of, their military service;

(d)    Discharging employees from employment because of their military service, duty, or training obligations; and

(e)    Discharging employees who have been reemployed under USERRA following at least 180 days of military service from employment for the year after they return, except for cause.

143.    Defendant's discrimination and retaliation against Brooke because of her military service, and the termination of her employment because of her military service and without cause under USERRA, violated these laws and fundamental principles of public policy.  By engaging in that conduct, Defendants deprived Brooke of the rights guaranteed by these public policies.

144.    By engaging in the conduct described and referred to in this Claim for Relief, and the other wrongful conduct described throughout this Complaint, Defendant directly, foreseeably, and proximately caused Brooke to suffer the harm and damages alleged in this Complaint,

Complaint— Schärli v. Jackson & Hertogs LLP
U.S. District Court, Northern District of California

including substantial losses in earnings and other employment benefits as described above, and other economic losses.

145.   As a further direct, foreseeable, and proximate result of Defendants' unlawful actions described above, Brooke has suffered, and continues to suffer, emotional distress, humiliation, shame, and embarrassment, all to her damage, in an amount to be proven at the time of trial.

146.   Defendant committed the wrongful acts described in this Complaint and Claim for Relief despicably, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights.

147.   Defendant willfully ignored her rights under USERRA and California Military and Veteran's Code §§ 394(a), (d), first explicitly urging her to waive those rights, and then expressly threatening to, and actually, terminating her without cause when she refused, even though they knew it was unlawful to do so.  They further damaged her career through unwarranted criticism, written warnings, and disparate treatment before terminating her.

148.   Plaintiff is therefore entitled to recover punitive damages from Defendants in an amount according to proof.

## PRAYER FOR RELIEF

Plaintiff respectfully requests the following relief for Defendant's wrongful conduct as alleged above:

1.   For an award of compensatory damages, including without limitation lost wages, earnings, benefits, and other compensation, according to proof, as well as damages for emotional distress and pain and suffering, according to proof as allowed by law;

2.   For an award of punitive damages, according to proof as allowed by law;

3.   For an award of liquidated damages provided for by law for the wrongful conduct described in this Complaint, specifically including, under 38 U.S.C. § 4323(d)(1)(B) and (C),

Complaint— Schärli v. Jackson & Hertogs LLP
U.S. District Court, Northern District of California

double the amounts of any lost wages and benefits due to Plaintiff as a result of Defendants' violation of USERRA, according to proof as allowed by law;

4.      For a declaratory judgment that Defendants have violated the USERRA and California Military and Veterans Code, and California public policy;

5.      For an award of prejudgment and post-judgment interest as allowed by law and as applicable to each cause of action and element of damages pled in this Complaint;

6.      For award of reasonable attorney fees, expert witness fees, and other litigation expenses, as provided for by 38 U.S.C § 4323(h)(2), California Military and Veterans Code § 394(g), California Code of Civil Procedure § 1021.5, and any other applicable provision of law;

7.      For all costs of suit; and

8.      For an award of any other and further legal and equitable relief as this Court deems just and proper.


DATED: March 6, 2019

GABEL LAW FIRM, P.C.


By:   /s/ Mark C. Gabel
         Mark C. Gabel

Attorneys for
PLAINTIFF BROOKE SCHÄRLI

Complaint— Schärli v. Jackson & Hertogs LLP
U.S. District Court, Northern District of California

**DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial on all claims for relief and causes of action in this Complaint with respect to which he has a right to a jury trial.

DATED: March 6, 2019

GABEL LAW FIRM, P.C.

By:    /s/ Mark C. Gabel
        Mark C. Gabel

Attorneys for
PLAINTIFF BROOKE SCHÄRLI

27

Complaint— Schärli v. Jackson & Hertogs LLP
U.S. District Court, Northern District of California